# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| Jonathan McNair<br>3141 Cherry Road N.E.<br>Washington, D.C. 20018<br>Tel: (202) 251-7253,<br><br>     **Plaintiff,**<br> v.<br><br>Glass Mountain Capital, LLC<br>1930 Thoreau Drive, #100,<br>Schaumburg, Illinois 60173<br>Tel: (877) 214-0276;<br>and Does 1-10, inclusive,<br><br>     **Defendants.** | Civil Action No.: _ ____ |

## COMPLAINT

For this Complaint, Plaintiff, Jonathan McNair, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, a consumer protection statute prohibiting debt collectors from engaging in harassing, abusive, deceptive and unfair collection practices.

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Jurisdiction over Plaintiff's claims sounding in violations of the District of Columbia Consumer Protection Act ("DCCPA"), D.C. Code § 28-3814 arises under 28 U.S.C. § 1367(a).

4. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the Defendants

transact business in the District and a substantial portion of the acts giving rise to this action occurred in the District.

## PARTIES

5.     The Plaintiff, Jonathan McNair, ("Plaintiff"), is an adult individual residing in Washington, D.C., and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6.     The Defendant, Glass Mountain Capital, LLC ("Glass"), is an Illinois business entity with an address of 1930 Thoreau Drive, #100, Schaumburg, Illinois 60173.

7.     As its principal business, Glass regularly collects or attempts to collect debts owed, or due, or due or asserted to be due another.  As such, Glass is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and D.C. Code § 28-3814(a)(3).

8.     Does 1-10 (the "Collectors") are individual collectors employed by Glass and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

9.     Glass at all times acted by and through one or more of its Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

10.     The Plaintiff incurred a financial obligation in the approximate amount of $1,307.08 dollars (the "Debt") to Sterling Jewelers, Inc. (the "Creditor").

11.     The Debt was incurred by the Plaintiff for personal reasons and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

12.     The Debt was a consumer credit sale or a direct installment loan as those terms are used by DCCPA § 28-3814(a) and defined by § 28-3802.

13.     Subsequently, the Debt went into arrears.

14.     Thereafter, the Debt was purchased, assigned or transferred to Glass for collection, or Glass was employed by the Creditor to collect the Debt.

15.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  Glass Engages in Harassing Debt Collection Tactics**

16.     On January 23, 2012, Plaintiff spoke with Glass representative "Mr. Fox" about the Debt.

17.     Plaintiff reached an arrangement with Glass in which he would satisfy the Debt in full by making three (3) payments to Glass totaling $785.00 by the end of March 2012, and Glass would delete all negative markings on Plaintiff's Credit Report relating to the Debt.  The first payment in the amount of $100.00 was to be paid on or before January 23, 2012.  The second payment in the amount of $342.00 was to be paid on or before February 24, 2012.  The third payment in the amount of $342.00 was to be paid on or before March 24, 2012.

18.     A material provision of the settlement arrangement between Glass and Plaintiff was that Glass agreed to delete all negative markings from Plaintiff's Credit Report relating to the Debt, after the three scheduled payments were made.

19.     Based on Glass' representation that it would delete the negative markings from Plaintiff's Credit Report, Plaintiff made the first payment of $100.00 to Glass before January 23, 2012.

20.     Glass sent Plaintiff a letter dated January 23, 2012 ("Settlement Letter"), delineating the terms of the settlement agreement.  However, in the letter, Glass failed to state its agreement that Glass will remove the negative markings from Plaintiff's Credit Report after the three payments were made.

21.     On January 24, 2012, Plaintiff called Glass to address his concern that a material provision of the agreement was omitted from the Settlement Letter. Plaintiff again informed Glass that he made the first payment in reliance on the agreement that Glass would remove the Debt from Plaintiff's Credit Report when the total settlement amount was paid. The Glass representative whom Plaintiff spoke with identified himself as the "VP,' and refused to let Plaintiff speak with Mr. Fox.  Glass refused to address Plaintiff's concerns and failed to explain why the Settlement Letter did not include any reference to Credit Reporting  Glass concluded its call with Plaintiff by stating, "Well either pay the Debt or not."

22.     Defendants failed to send Plaintiff a 30 day validation letter to Plaintiff, including Plaintiff's right to dispute the Debt.

## C. **Plaintiff Suffered Actual Damages**

23.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

26.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

29.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

30.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

32.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

34.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

5

**WHEREFORE,** the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.  Against the named Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and D.C. Code § 28-3814(j)(1);

2.  Against each of the named Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.  Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the Plaintiff's cost of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.  Awarding the Plaintiff punitive damages against the named Defendants, jointly and severally, for their willful violations as is found appropriate pursuant to D.C. Code § 28-3814(j)(2); and

5.  Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 16, 2012

Respectfully submitted,

By: /s/

Jody B. Burton, Esq.
Lemberg & Associates L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiffs